UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

        Plaintiff,                                    Civil Action No. 16-CV-10353

vs.                                               HON. MARK A. GOLDSMITH

DANIEL CLANTON, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 26), (2) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 25), AND (3) GRANTING DEFENDANT COUNTY OF MONROE'S MOTION TO DISMISS (Dkt. 21)**

Plaintiff Bradley T. Peterson, proceeding pro se, filed this civil rights case against Defendants pursuant to 42 U.S.C. § 1983. See Compl. (Dkt. 1). The matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings. See Order of Referral (Dkt. 12). On July 27, 2016, the magistrate judge issued a Report and Recommendation ("R&R") (Dkt. 25), recommending that Defendant County of Monroe's motion to dismiss (Dkt. 21) be granted and that Peterson's complaint be dismissed. Peterson filed an objection to the R&R (Dkt. 26). To date, Monroe County has not filed a response. The Court reviews de novo any portion of the R&R to which specific objections are timely filed. Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, the Court accepts the recommendation contained in the R&R and grants Monroe County's motion to dismiss.[1]

## I. ANALYSIS

### A. Peterson's Objection

---

[1] The factual background of this case is sufficiently explained in the magistrate judge's R&R and need not be repeated here.

1

Plaintiff begins his objection by summarizing his past and current litigation before this Court. Peterson notes that the first lawsuit, Peterson v. County of Monroe, et al., No. 12-cv-11460, was dismissed on a defense motion for summary judgment. Pl. Obj. at 2. Peterson then filed a second suit against the same parties, in which he alleged that a fellow prisoner, Michael Green, received favorable treatment from prison officials after threatening Peterson with a loaded shotgun. See 3/27/2015 Op. & Order Peterson v. County of Monroe, et al., No. 14-cv-12863. Peterson alleged that this was done in retaliation for earlier complaints made by Peterson against Monroe County officials. Id. at 2. The lawsuit also alleged county officials failed to properly investigate Peterson's complaints. Id. This Court ultimately dismissed Peterson's claims in that action. Id. at 8. Peterson also notes that a third lawsuit, Peterson v. Moore, No. 15-cv-14190, is still pending before this Court. Pl. Obj. at 3.

Regarding the current action, Peterson alleges that Defendants "have a history of revenge, hatred, [and] assault" against him and that this pattern continued on September 11, 2015 when Daniel Clanton, a corporal with the Monroe City Police Department, filed a police report, in which he stated that Peterson made "terrorist threats" against law enforcement. Pl. Obj. at 2-4. Peterson alleges that he was simply attempting to peacefully protest both his treatment while incarcerated, as well as the previous dismissals of his lawsuits. Id. at 3. Peterson states that his "constitutional rights to peacefully protest ended in police slander, deformation [sic, defamation], [and] threats of use of violence against plaintiff with force." Id. at 4-5. Peterson requests that this Court overrule the R&R (Dkt. 25) and deny Monroe County's motion to dismiss (Dkt. 21).

**B. Discussion**

As the R&R recognized, a motion to dismiss tests a complaint's legal sufficiency. The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court must construe all factual allegations in the complaint as true, the same courtesy is not extended to bare legal conclusions, even where such conclusions are couched as factual allegations. Id. The complaint's factual allegations must give rise to a "plausible claim for relief." Id. at 679. "[A]llegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

### 1. Deprivation of a Constitutional Right

Peterson's objection is that the evidence demonstrates Defendants have a history of "revenge, hatred, [and], assault" against him, and that this behavior once again manifested itself on September 11, 2015, when Clanton filed a police report in which he stated Peterson was making "terrorist threats" against him. Peterson's claim against Monroe County fails for multiple reasons.[2]

"A § 1983 claim must present two elements: (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). Peterson alleges in his complaint that he was defamed by the contents of Clanton's police report. Compl. ¶ 33. In Paul v. Davis, 424 U.S. 693 (1976), the Supreme Court addressed whether a plaintiff is deprived of any constitutional rights as the result of being defamed by state actors. In Paul, the plaintiff brought suit after police officers handed out flyers that included his picture, which were

---

[2] Peterson also alleges, for the first time in his objection, that "Defendants of Monroe County are instigating and provoking the use of police-violence and threatening to use all police force against the plaintiff in the future." Pl. Obj. at 4. The Court will not consider new factual assertions made for the first time in an objection to a magistrate judge's report and recommendation. Murr v. United States, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

entitled "active shoplifters." Id. at 695. While the Sixth Circuit held that the plaintiff's claim amounted to a denial of procedural due process, the Supreme Court disagreed, holding that "the interest in reputation alone" could not serve as the basis for a procedural due process claim. Id. at 711. The Sixth Circuit has since recognized that "[a]bsent a further injury, such as loss of a government job or loss of a legal right or status, defamation, by itself, does not constitute a remediable constitutional claim." Voyticky v. Vill. of Timberlake, Ohio, 412 F.3d 669, 677 (6th Cir. 2005). Peterson has alleged no such further injury. Because Peterson has failed to allege that Monroe County deprived him of a constitutional right, his §1983 claim must be dismissed.

### 2. Municipal Liability

Even if Peterson could establish that Clanton's police report deprived him of a constitutional right, the actions of Clanton cannot be imputed to Monroe County. "A municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013) (quoting Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978)). Rather, "[a] plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." Id. "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." Id.

Peterson fails to allege any policy, practice, or custom of Monroe County to deprive him or others of their constitutional rights. His only allegation of wrongdoing is his claim that Clanton defamed him in his September 11, 2015 police report. Compl. ¶ 33. This does not rise to the level

of an illegal official policy, a policy of inadequate training, a ratification of an illegal act, or a custom of tolerance of federal rights violations.

Because Peterson has failed to allege that Monroe County deprived him of a constitutional right, his claims against the county are dismissed.

## II. CONCLUSION

For the foregoing reasons, the Court overrules Peterson's objection (Dkt. 26), accepts the recommendation contained in the magistrate judge's R&R (Dkt. 25), and grants Monroe County's motion to dismiss (Dkt. 21).

SO ORDERED.


Dated: February 22, 2017          s/Mark A. Goldsmith
Detroit, Michigan                 MARK A. GOLDSMITH
                                  United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2017.

                                  s/Karri Sandusky
                                  Case Manager